M’Girk, C. J.,
delivered the opinion of the Court.
In the year 3825, Jesse Q. Lindell, in pursuance of the act incorporating the President, Directors and Company of the Bank of Missouri, made a motion against the Bank to have a judgment rendered against them, for the amount of certain notes of theirs which he held, as also for the amount of five per centum-per month till paid. The Court rendered the judgment against the Bank. In 1828, an execution issued on the judgment, on which the Sheriff made a portion of the debt. On the 10th of September, 1831, Lindell issued another execution against the Bank, on which the Sheriff returned that he found no goods nor lands; and that he had, by the plaintiff’s direction, summoned R. Wash to appear and answer interrogatories, &c. Wash appeared in Court and moved to he discharged, and to quash the proceedings under the execution so far as regarded him, which motion the Court sustained, and this is assigned for error in this Court.. By 4th section of an act entitled an act to regulate proceedings against corporations, passed Dec. 30, 1824, it is enacted that the first process upon any judgment against any private corporation, shall he & fieri facias, which the Sheriff shall levy on the lands and goods of the corporation, as in other cases. The 5th section provides “that in case the Sheriff shall return on such writ that no goods and chattels, lands and tenements, can he found, it shall be the duty of the Clerk of the Court, on the application of the plaintiff or his attorney, to issue a writ of attachment against the rights, credits and effects of such corporation, reciting the judgment, execution and return, and directed to the Sherifl; who shall execute the same by summoning, as garnishee-, any person having any moneys or effects belonging to such corporation, and any debtor to such corporation who may be found within his county, to appear before the Court at the return of the writ, and then and there answer, &c., and the proceedings shall be the same as in other cases of garnishment. In January, 1833, the Legislature passed an act entitled “ An act in addition to the act to regulate executions.” By the first section of which they declare, that any judgment creditor having the right to.execution, may sue out a writ of execution in the form prescribed by law, or at his option may have a writ of fieri facias against the lands, goods, &c., of the debtor, and on’such writ it shall not be lawful to take the body of the defendant. The second section provides “ that when any fieri *359 facias shall he issued on any judgment of any Court of Record in this State, and put into the hands of the Sheriff for collection, if no sufficient property can he found in the county whereon to levy the amount due on such execution, it shall he the duty of the Sheriff to summon in writing, as garnishee, all such debtors of the defendant in the execution as the plaintiff, his attorney or agent, shall direct, to appear in Court at -the return day of the writ of fieri facias, to- answer on oath,' &c.; and the like proceedings shall be had as in cases of other garnishees in attachment, &c. The 3d section provides the same proceeding shall be had in cases before a Justice of the Peace.” The question -made is, does this last act embrace cases where a corporation is a defendant in the execution. On the part of Wash’s counsel it is argued, that it was not the. intention of the Legislature to extend the provisions of this last act to cases of corporations, because in- such cases the act of 1824 had already made a provision nearly similar to the provision in this. act. The general execution act to which this act refers, was passed Eel>ruary,'21st, 1825, about five or six weeks after the act respecting corporations. The execution law of 1825 prescribed the form of the writ of execution — made the execution run against goods, lands, and the body of the debtor, all in the same writ. This regulation was clearly not intended so far as regards the form to apply to corporations, there [being], in that case being no body to take in execution, nor was it necessary in this act to make any provision on that subject, as the same had already been amply provided for by the act respecting cor - porations.
The act of 1831 is clearly in addition to the general execution law: of Eeb,, 1825, and not pf that of December. The title of the act declares it to be so, and the language carries o'ut the design. In December the Legislature took up the subject of executions, and as they had no individual body to be taken in execution,, they provided a fieri facias, which was a very sensible thing; and inasmuch as thegeneral attachment law did not apply to them, and because sometimes their debts are not to be got at, the corporators themselves being often the principal debtors, and having generally the most knowledge of the effects, they gave this attachment on the experiment being made first with a fieri facias ¡ this no doubt was deemed by them to be ample for the purpose of enforcing' the payment of debts due by corporations. To apply the act of 1831 to corporations, wo.uld in fact give the creditor but little additional benefit; all that he gains on the one hand by its provisions would be, that he need not wait for the return of the execution before he can have garnishees summoned ; but on the other hand, he would lose the benefit of attaching the effects, but co.uld only attach the debts. There can be no good reason assigned why the Legislature did not extend this latter act to effects as well as debts; the fact that they did not do so, shows that they did not suppose they were amending the corporation act; and what shows more clearly the Legislature did not intend to add any thing to the execution law against corporations is, that- by the first section of the amendatory act they give the plaintiff an option which he never had before; to take his execution against goods, lands, and body, all in one writ, or to have it against the lands and goods only. Now if this law extends to corporations as to the summons on execution, it will also repeal so much of the corporation act as only gave the fieri facias, hut gives the execution against the body too ; this it will do by reason of the generality of the expressions used in the first act.
Not believing the Legislature intended to do so, we say the general words in the first section are not to go beyond the object of the Legislature, and so we say with *360 regard to the general words used in the second section ; they might be applied by-reason of their generality to the case of the corporation, but there is no necessity to-do it. Something is also gained by the title of the act;.its title purports to add to' the act regulating executions. The act does add to that acMhings material and important. This shows to what point the Legislature intended-to direct their legislation. The judgment of the Circuit Court is affirmed,-&c.-